# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JAMES M. GALLIHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 09-40051-FDS |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER ON MOTION TO DISMISS

**SAYLOR, J.**

This is an action seeking recovery of attorney's fees from the Social Security Administration. Plaintiff James M. Galliher is an attorney who successfully represented two claimants in applications for Supplemental Insurance Income benefits. Galliher entered into fee arrangements with both claimants, which were approved administratively by the SSA when it awarded benefits. Galliher contends that he was not paid these fees because the back benefits awarded to the claimants (including the sums that would have been used to pay his fees) were instead paid to the Massachusetts Department of Transitional Assistance to satisfy outstanding welfare assistance liens. After payment of the liens, no money remained to compensate Galliher. Although he does not challenge the validity of these liens, he does contend that his fees should have been paid before the SSA used the benefits awards to reimburse the MDTA. Galliher argues that he is entitled to fees in the amounts of $4,115.75 and $1,515.58 and seeks recovery under four common-law theories: conversion, quantum meruit, unjust enrichment, and breach of contract.

Defendant Michael J. Astrue, Commissioner of the SSA, seeks dismissal of the complaint. He first argues that this Court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity. *See* Fed. R. Civ. P. 12(b)(1). Alternatively, he contends that the complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). "Sovereign immunity is jurisdictional in nature." *Id.* A waiver of sovereign immunity exists only if the government expressly consents to be sued, and such consent "must be unequivocally expressed in the statutory text[; it] will not be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996). A plaintiff bears the burden of proving the existence of subject matter jurisdiction—that is, a waiver of sovereign immunity. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir. 2009); *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007). Galliher has not met his burden in this case.

The source of jurisdiction must appear on the face of the complaint. *PCS 2000 LP v. Romulus Telecomms., Inc.*, 148 F.3d 32, 35 (1st Cir. 1998). Galliher invokes 28 U.S.C. § 1331 and 42 U.S.C. § 1383(d)(2)(A) and (B) as bases of jurisdiction. In his opposition to the Commissioner's motion to dismiss, Galliher also invokes 42 U.S.C. § 406(a) and (b). None of these sections, however, constitutes a waiver of sovereign immunity. It is axiomatic that general jurisdiction statutes, such as 28 U.S.C. § 1331, "do not waive the Government's sovereign immunity." *Normandy Apartments, Ltd. v. U.S. Dept. of Hous. & Urban Dev.*, 554 F.3d 1290, 1295 (10th Cir. 2009). Furthermore, there is no language in section 1383(d)(2) by which the United States has consented to suit, and Galliher does not contend otherwise beyond the blanket assertion that the section contains a "statutory grant[] of jurisdiction." (Pl.'s Opp. at 2). Finally, section 406 is devoid of any language that would authorize a lawsuit such as this, and, once again,

Galliher does not point to any specific language to the contrary. (*See id.* at 1-3). Because Galliher has not met his burden to demonstrate a clear waiver of sovereign immunity, this Court lacks jurisdiction over his claims.

In any event, as the Commissioner correctly notes, his claims fail on the merits. Pursuant to 20 C.F.R. § 416.1530(b), the Commissioner is authorized to compensate attorneys who successfully represent certain claimants. However, the Commissioner will pay a prevailing attorney only the lesser of three alternatives provided in subsection 416.1530(b)(1). One such alternative provides: "The amount of past-due benefits remaining after [the SSA] pay[s] to a State (or political subdivision) an amount sufficient to reimburse the State (or political subdivision) for interim assistance furnished [to the claimant] . . . ." 20 C.F.R. § 416.1530(b)(1)(ii). Here, it is undisputed that no benefits remained after the SSA reimbursed the MDTA, and thus that no money remained to compensate Galliher. The payment provided by § 416.1530(b)(1)(ii) was, therefore, necessarily the smallest fee award authorized under § 416.1530(b)(1). Accordingly, Galliher has failed to state a claim upon which relief can be granted.

The Court is mindful that this result is not necessarily fair or equitable, and may well make it more difficult for claimants to obtain counsel willing to represent them. Nonetheless, the Court does not appear to have any discretion in the matter.

For the foregoing reasons, the motion to dismiss is GRANTED.

**So Ordered.**

Dated: May 26, 2010

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge